# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

## CASE NO: 21-CV-62200-MGC/HUNT

DERLOY A. CHAMBERS, JR.,

    Plaintiff,

v.

COMPRA VENTA MIAMI, LLC,

    Defendant.

_____/

## **MOTION TO DISMISS**

Defendant, Compra Venta Miami, LLC, ("Defendant") by and through undersigned counsel, hereby moves this Honorable Court to dismiss the Complaint and as grounds thereof states as follows:

## **Introduction**

In the instant case, the Plaintiff has filed a boilerplate claim pursuant to the Fair Housing Act (FHA) that fails to meet minimum Federal Pleading requirements. Additionally, the Plaintiff has no standing because he actually has no intention of renting any property as his Complaint states he was acting in his capacity as a "tester". (D.E.1 ¶ 6). The plaintiff also contends that the Defendant's alleged policy of not renting to convicted felons is discriminatory in its intent and has a disparate impact on African Americans. However, he fails to provide any details as to how Defendant's alleged policy prohibits anything other than criminal histories and on what statistical model he is using to reach the conclusion of disparate impact. In fact, the Plaintiff proffers and pleads no facts that would provide any evidence of any discriminatory intent or impact at all.

Further, his boilerplate complaint fails to meet the burden of "robust causality" established by the United States Supreme Court in Fair Housing Act disparate impact claims, a standard

2

rigorously enforced and reasserted last year by the Eleventh Circuit. Consequently, there are two reasons to dismiss the Complaint. First, the Plaintiff has failed to plead sufficient facts to make it plausible that he can prevail. Second, the Plaintiff has failed to even establish the "robust causality" required in pleading a disparate impact Fair Housing Case.

## Memorandum of Law

### A. Legal Standards

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. *Gjondrekaj v. Napolitano*, 801 F.Supp.2d 1344, 1348-49 (M.D. Fla. 2011). When deciding a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party. "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007). When factual allegations are well-pleaded, the Court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Iqbal*, 556 U.S. at 679. Moreover, federal pleading requirements mandate that a complaint "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the Court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." C*haparro v. Carnival Corp*., 693 F.3d 1333, 1337 (11th Cir. 2012). The complaint must also provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555; *see also*, *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (providing that pleading in federal court "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation).

As set forth in his Complaint, Plaintiff is a "tester" who "poses as a renter or purchaser for the purpose of collecting evidence of discriminatory housing practices, without intent to rent or purchase a home." As such, Plaintiff really has no intention or renting a Dwelling. In his Complaint, Plaintiff asserts that he "encountered an advertisement for the Dwelling", without indicating what kind of advertisement he encountered, when he encountered it, or even what type of dwelling was advertised and did not attach a copy of or a quote from the alleged advertisement. Plaintiff also fails to specify who he communicated with from Defendant's company or who allegedly told him that the company did not rent to felons. Defendant is a large real estate company, with multiple realtors and a large number of ever-changing property listings for both sale and rent. Plaintiff's barebones allegations, provide nothing for Defendant to respond to and make it impossible for Defendant to determine the validity of or investigate the basis of the allegations. In other words, the Complaint provides virtually no facts to establish the plausibility of prevailing.

**B. Legal Argument**

Under the Fair Housing Act, it is unlawful for any housing provider to "refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). A violation of section 3604(a) can be established by a showing of either discriminatory intent (sometimes called "disparate treatment") or discriminatory impact (sometimes called "disparate impact"). *See Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights*, 558 F.2d 1283, 1290 (7th Cir. 1977). Plaintiff cannot meet the standard under either claim, and therefore the Complaint must be dismissed.

1. Discriminatory Intent

A prima facie claim of "disparate treatment" or "discriminatory intent" under the Fair Housing Act can be established "by showing that animus against the protected group was a significant factor in the position taken by the … decision-makers themselves or by those to whom the decision-makers were knowingly responsive." *Fortune Soc'y v. Sandcastle Towers Hous. Dev. Fund Corp.*, 388 F.Supp.3d 145, 177 (E.D.N.Y. 2019).

In his Complaint, Plaintiff fails to state any facts supporting a conclusion that the result of his one alleged text exchange with an unnamed representative of Defendant was motivated by anything other than the criminal record he disclosed. Notably, "criminal record" is not a characteristic or class of persons protected by the Fair Housing Act. *See Talley v. Lane,* 13 F.3d 1031, 1034 (7th Cir. 1994). Absent evidence that consideration of a criminal record is used as a "pretext" for unlawful discrimination, no discriminatory "purpose" in violation of the Fair Housing Act is shown. *See U.S. v. Collier*, 2010 WL 3881381 at *10 (W.D. La. Sept. 28, 2019). As an example, circumstances supporting a claim of pretext might include allegations that a particular screening criterion is applied only to some applicants and not others, or that a deviation from a usual and customary practice correlates to a protected characteristic. *See id*. The only alleged discriminatory act on the part of Defendant is based on a single alleged texting interaction with an unnamed representative of Defendant. The basis of Plaintiff's Complaint is that he inquired as to whether a criminal record would result in a denial of rental for the unspecified dwelling as a result of his encounter with Defendant's unspecified advertisement. The Complaint includes no facts alleging that he even disclosed his race to the unnamed representative of Defendant, let alone that he was subject to any screening. Nor does he allege that other rental applicants or potential purchasers, who do not identify as being a member of the Black race are not subject to the same

alleged criminal history screening criteria. The Complaint also includes no facts alleging that any applicants from outside the claimed protected class are not "automatically denied" for any felony criminal conviction. In fact, Plaintiff's Complaint alleges the opposite, specifically alleging that the unnamed representative of Defendant told Plaintiff that their alleged policy would result in "an automatic denial for *any* potential renter with *any* criminal background." Absent the allegation of any facially plausible facts that application of criminal history screening is a mere pretext for discrimination because of a protective characteristic, Plaintiff has not stated even a prima facie case of discriminatory treatment under the Fair Housing Act. No reasonable finder of fact could credibly conclude that Defendant's alleged response to Plaintiff's inquiry was motivated by anything other than Plaintiff's disclosure that he had a criminal record. Plaintiff's claim of unlawful or intentional discrimination (or unlawful disparate treatment) under the Fair Housing Act must be dismissed under Rule 12(b)(6).

2. Disparate Impact

In the Alternative, a facially neutral practice or policy can be challenged under the Fair Housing Act as having an unlawful "disparate impact," or discriminatory impact, because it "makes housing options significantly more restrictive for members of a protected group than for persons outside that group." *Hallmark Developers, Inc. v. Fulton Cty., Ga.*, 466 F.3d 1276, 1286 (11th Cir. 2006). The Supreme Court found disparate impact claims cognizable under the Fair Housing Act in *Tex. Dept. of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519 (2015) ("TDHCA"). In TDHCA, the Court considered a Texas nonprofit corporation's allegation that a state agency responsible for distributing federal low-income housing tax credits had done so in a manner that "caused continued segregated housing patterns by its disproportionate allocation of the tax credits." Id. at 2514 (alleging that there were "too many credits for housing in

2

predominantly black inner-city areas and too few in predominantly white suburban neighborhoods"). The Court explained that disparate-impact liability "is consistent with the FHA's central purpose" of eliminating discrimination, since it can help ameliorate practices that unfairly exclude minorities from certain neighborhoods, can protect property rights, and can help uncover discriminatory intent. Id. at 2521. This theory of liability, however, would create substantial difficulties if applied too expansively. Specifically, the Court wrote, "serious constitutional questions . . . might arise . . . if such liability were imposed based solely on a showing of a statistical disparity." Id. at 2522. If a disparate impact claim could be founded on nothing more than a showing that a policy impacted more members of a protected class than non-members of protected classes, disparate-impact liability undeniably would overburden cities and developers. *See Id*. at 2522–23.

> Regardless, to state a disparate impact claim, a complaint must:
>
>> (1) show statistically imbalanced lending patterns which adversely impact a minority group; (2) identify a facially neutral policy used by Defendants; (3) alleged that such a policy was "artificial, arbitrary, and unnecessary;" and (4) provide factual allegations that meet the "robust causality requirement" linking the challenged neutral policy to a specific adverse racial or ethnic disparity.
>
> *City of Miami v. Bank of America Corp*., 171 F. Supp.3d 1314, 1320 (S.D. Fla. 2016).

Plaintiff's Complaint fails to satisfy the "robust causality" requirement for a disparate impact claim. "A plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact." *TDHCA*, 576 U.S. at 543. Plaintiff's broad references to "recent data, studies and HUD findings" are insufficient. Since Plaintiff failed to state a prima facie case of disparate impact under the *TDHCA* standard, Plaintiff's claim should therefore be dismissed.

2

WHEREFORE, Defendant respectfully requests that the Court enter an order granting this Motion, dismissing Plaintiff's Complaint [DE 1] as set forth above, and granting such other and further relief as this Court deems just and proper.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 18, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ Kenneth L. Minerley
Kenneth L. Minerley
Fla. Bar No. 521840
Primary Email:
Ken@minerleyfein.com
Meghan E. Miller
Fla. Bar No. 1003898
Meghan@minerleyfein.com

**MINERLEY FEIN, P.A.**
*Attorneys for Defendant*
1200 N. Federal Highway, Suite 420
Boca Raton, FL 33432
Phone:     561/362-6699
Fax:         561/447-9884
Fileclerk@minerleyfein.com
litigation@minerleyfein.com