**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**Case No. 0:21-cv-62200-MGC**

DELROY A. CHAMBERS, JR.,

      Plaintiff,

v.

COMPRA VENTA MIAMI, LLC,

      Defendant.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

    Plaintiff, by and through undersigned counsel, hereby responds to Defendant's Motion to Dismiss (D.E. 10), and in support thereof states:

    1.    Immediately prior to the filing of this Response, Plaintiff filed his First Amended Complaint (D.E. 11), directly addressing issues raised in Defendant's Motion to Dismiss, and including additional facts and evidence not plead in, or attached to, his original Complaint.

    2.    Plaintiff's First Amended Complaint supersedes the original Complaint.  See e.g., Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada, 674 F.2d 1365, 1370, n.6 (11th Cir. 1982); Fritz v. Standard Sec. Life Ins. Co. of New York, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."); Dugas v. 3M Co., 2014 U.S. Dist. LEXIS 195890 at *6 (M.D. Fla. Dec. 2, 2014) (denying motions to dismiss as moot because plaintiffs were granted leave to amend their complaint, reasoning that "[a] properly-filed second amended complaint renders moot a motion to dismiss a prior complaint."); Gulf Coast Recycling, Inc. v. Johnson Controls, Inc., 2008 U.S. Dist. LEXIS 11269 at *3 (M.D. Fla. Feb. 14, 2008) (holding same).

3.     Accordingly, Defendant's Motion to Dismiss is rendered moot.  See e.g., Delta Sigma Theta Sorority, Inc. v. Bivens, 2014 U.S. Dist. LEXIS 175419 at *13-14 (M.D. Fla. Dec. 19, 2014) ("filing an amended complaint will render moot [the] pending Motion to Dismiss") (citing Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999)); Murray v. West Palm Beach Housing Authority, 2008 U.S. Dist. LEXIS 95937 at *3 (S.D. Fla. 2008) ("By filing an amended complaint, Defendant's motion to dismiss the original complaint is rendered moot."); Doonan v. Carnival Corp., 404 F.Supp.2d 1367, 1369 (S.D. Fla. 2005) ("the Court denied as moot the Motion to Dismiss in light of the fact that Plaintiffs had filed an Amended Complaint"); Trahan v. Sandoz, Inc., 2014 U.S. Dist. LEXIS 23569 at *4 (M.D. Fla. Feb. 25, 2014) ("the Court notes that the filing of the amended complaint will render moot the pending Motion to Dismiss which is directed to the original Complaint.").

4.     Accordingly, Defendant's Motion to Dismiss should be denied as moot.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss.

Respectfully submitted,

Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com
Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com
Social Justice Law Collective, PL
974 Howard Avenue
Dunedin, Florida 34698
(202) 709-5744
(866) 893-0416 (Fax)

Attorneys for the Plaintiff

By:   s/ Joshua A. Glickman
        Joshua A Glickman, Esq.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, on this 4th day of March 2022, which will send a notice of electronic filing to all attorneys of record.

By:   s/ Joshua A. Glickman
Joshua A Glickman, Esq.